UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-11000
Summary Calendar
_____


ALVIN JONES,

                              Plaintiff-Appellant,

                    versus

FEDERAL EXPRESS CORP.,

                              Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
(3:95-CV-2111-R)
_____
May 12, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

    Appellant Alvin Jones appeals the district court's grant of

summary judgment to Appellee Federal Express Corporation.  We

affirm.

    Federal Express terminated Alvin Jones's employment on

February 18, 1992.  On November 8, 1994, Jones, acting pro se,

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

brought suit in federal district court alleging that his termination constituted race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981. While this lawsuit ("*Jones I*") was pending, Jones applied for and was denied re-employment with Federal Express. Jones filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that Federal Express refused to rehire him based on disability discrimination and in retaliation for his previous discrimination charge. On June 22, 1995, the EEOC issued Jones a right-to-sue letter.

On September 19, 1995, Jones filed the lawsuit out of which this appeal arises ("*Jones II*"). In his original complaint in *Jones II*, he alleged that his February 1992 termination violated the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213, and constituted retaliatory discharge for filing a worker's compensation claim. He made no factual allegations regarding Federal Express's 1994 refusal to rehire him in his original complaint, but attached to the original complaint the EEOC right-to-sue letter relating to his refusal-to-rehire claim. The record does not reflect that the original complaint was ever served on Federal Express.

In October 1995, more than 90 days after the EEOC issued the right-to-sue letter, Jones filed his first amended complaint in *Jones II*, which included factual allegations relating to his

refusal-to-rehire claim.  The first amended complaint was served on Federal Express in January 1995.  Federal Express filed a motion for summary judgment in *Jones I* on March 28, 1996, and the motion was granted on July 16, 1996.

The district court granted summary judgment to Federal Express in *Jones II* on August 14, 1997.  The district court held that Jones's claims relating to his February 1992 discharge were barred by res judicata (claim preclusion), and that his claims arising out of Federal Express's refusal to rehire him were barred by the 90-day statute of limitations set forth in 42 U.S.C. § 2000e-5(f)(1).  This appeal followed.

The district court properly concluded Jones's claims of disability discrimination and retaliatory discharge in *Jones II* were barred by claim preclusion.  "*Res judicata* bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication."  *Fleming v. Travenol Labs., Inc.*, 707 F.2d 829, 834 (5th Cir. 1983).  Although Jones attached different legal labels to his claims in the two lawsuits, the factual bases for his earlier termination claims are the same as those in *Jones II*.  *See Fleming*, 707 F.2d at 834 (concluding that the factual basis for § 1983 and fourteenth amendment claims was the same as the factual basis for sex discrimination claims arising out of the same termination).  Accordingly, the doctrine of claim preclusion bars his claims in

*Jones II* relating to the February 1992 termination because Jones could have brought these claims in *Jones I*.

The district court also properly dismissed as time barred those claims relating to Federal Express's refusal to rehire Jones. He first pleaded his refusal-to-rehire claims in his amended complaint, which was filed on October 24, 1995. This filing was untimely under 42 U.S.C. § 2000e-5(f)(1) because it occurred more than 90 days after the EEOC issued the right-to-sue letter. Even employing the liberal rules of pleading applicable to pro se litigants, Jones's original complaint in *Jones II*, which was filed within the 90 days, was insufficient to satisfy 42 U.S.C. § 2000e-5(f)(1). That pleading contained no factual allegations concerning Federal Express's refusal to rehire him. Instead, his original complaint contained factual allegations relating only to his February 1992 termination. The filing of his EEOC right-to-sue letter as an attachment to this original complaint was insufficient to comply with § 2000e-5(f)(1)'s requirement that a complaint be brought within 90 days of the issuance of a right-to-sue letter and was insufficient to provide notice of such claims. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S. Ct. 1723 (1984); *Antoine v. United States Postal Serv.*, 781 F.2d 433 (5th Cir. 1986); *Firle v. Mississippi State Dep't of Educ.*, 762 F.2d 487, 488-89 (5th Cir. 1985). Under these circumstances, there was no basis for allowing the claims in his amended original complaint to

4

relate back to the date of filing the original complaint under Federal Rule of Civil Procedure 15(c).  *See Baldwin County*, 466 U.S. at 150 n.3, 104 S. Ct. at 1725 n.3.  Thus, Jones's claims arising from Federal Express's refusal to rehire him were properly dismissed as untimely.

AFFIRMED.